IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02582-BNB

CHARLES LOWELL KENTZ,

    Applicant,

v.

J. M. WILNER,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 27 2008

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant, Charles Lowell Kentz, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Kentz filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). On January 30, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Kentz to show cause why the habeas corpus application should not be denied as an abuse of the writ. On February 11, 2008, Mr. Kentz submitted his response to the order to show cause.

The Court must construe liberally the application and the response to the show-cause order because Mr. Kentz is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Kentz is challenging his disciplinary conviction that occurred while he was incarcerated at the Taft Correctional Facility in California. He alleges that following a disciplinary hearing held on June 20, 2006, he was convicted of fighting with another inmate. He contends that he was denied due process at the hearing because he was not provided with a written copy of the disciplinary hearing officer's (DHO) report documenting the evidence used to find him guilty as charged, thus undermining his ability to defend himself during the disciplinary proceedings.

Mr. Kentz previously sought habeas corpus relief pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of California (Eastern District of California). In that case, he challenged the same disciplinary hearing, also claiming that he erroneously and unlawfully was found guilty of fighting with another inmate. He contended that the evidence was insufficient to support the finding that he fought with the inmate and only showed that he argued with the inmate. Therefore, he maintained, he should have been found guilty of a lesser offense. He complained that he was given a higher classification score and transferred to a higher-level facility.

In a recommendation filed on November 14, 2006, Magistrate J Sandra M. Snyder excused Mr. Kentz's failure to exhaust administrative remedies prior to seeking federal intervention, and dismissed the claims on their merits. In an order entered on December 30, 2006, and filed on January 3, 2007, the Eastern District of California adopted the recommendation in full, and denied the habeas corpus application. The court noted that, in his objections, Mr. Kentz alleged that he did not receive a copy of the DHO's report. The court further noted that because Mr. Kentz did not raise this claim in his application, it was not properly before the court. Judgment was entered on

2

January 3, 2007. Mr. Kentz's appeal from the Eastern District of California's decision currently is pending in the United States Court of Appeals for the Ninth Circuit (Ninth Circuit).

On December 12, 2007, Mr. Kentz sought habeas corpus relief in this Court, raising the same claim that the Eastern District of California refused to hear, i.e., that he did not receive a copy of the DHO's report because he had not raised the claim in his habeas corpus application. He contends that he was not aware of the claim that his failure to receive a copy of the DHO's report violated his due process rights until after entry of the November 14, 2006, recommendation. Mr. Kentz's dilatory realization of a potential claim he failed to raise in the Eastern District of California does not entitle him to initiate a second habeas corpus proceeding in the District of Colorado.

Mr. Kentz has failed to show cause why the instant habeas corpus application should not be denied as an abuse of the writ. As Magistrate Judge Boland previously informed Mr. Kentz in the January 30, 2008, show-cause order, the abuse-of-the-writ doctrine applies to 28 U.S.C. § 2241 applications. *See McCleskey v. Zant*, 499 U.S. 467, 483-84 (1991). Pursuant to 28 U.S.C. § 2244(a):

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

As Magistrate Judge Boland acknowledged in the January 30, 2008, show-cause order, the reference to 28 U.S.C. § 2255 in 28 U.S.C. § 2244(a) appears to incorporate the appellate, pre-authorization, gate-keeping requirements of § 2255, which sets forth

3

the grounds upon which a circuit court may authorize a second or successive § 2255 motion, and, in turn, incorporates the pre-authorization procedure in § 2244(b)(3). **See Ackerman v. Novak**, 483 F.3d 657, 650 (10th Cir. 2007).

Although invoking a slightly different legal theory, the newly asserted claim that Mr. Kentz's due process rights were violated because he did not receive a copy of the DHO's report still attacks his disciplinary hearing and conviction on charges of fighting with a co-inmate, and could have been raised in the previous application filed in the Eastern District of California. As stated earlier, Mr. Kentz's belated discovery of a potential due process claim does not justify his failure to raise the constitutional claim in the first application. Therefore, this action should not be denied as an abuse of the writ because the claim Mr. Kentz asserts here could have been raised in the application he previously filed in the Eastern District of California. Accordingly, it is

ORDERED that the habeas corpus application is denied as an abuse of the writ, and the action is dismissed.

DATED at Denver, Colorado, this 27 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02582-BNB

Charles Lowell Kentz
Reg. No. 12015-112
FCI - Florence
PO Box 6000 - Unit Mesa A
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/27/08

                         GREGORY C. LANGHAM, CLERK

                         By: _____
                                 Deputy Clerk